UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV649 TIA |
| | ) | |
| VICKIE HOLMES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Reginald Watson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B).

### Standard

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff alleges that defendants Vicky and Kelsie Holmes brought a landlord-tenant suit against him in state court. Plaintiff claims that even though the defendants never produced evidence that he owed back rent, the court ruled against him and he was evicted him from the property. Plaintiff contends that defendants violated federal extortion laws by failing to prove their case in state court. Plaintiff also claims that he lodged a mechanic's lien against the property. Although it is somewhat unclear, it

appears that plaintiff seeks enforcement of the mechanic's lien as well as federal prosecution against defendants for extortion.

## Discussion

To the extent that plaintiff is attempting to bring an action to enforce a mechanic's lien, this Court is without jurisdiction to hear the dispute. "Absent an overriding federal law, the existence and magnitude of valid claims against a debtor are determined by state law." In re Exec Tech Partners, 107 F.3d 677, 680 (8th Cir. 1997); see also Bullmaster v. Krueger, 151 S.W.3d 380, 385 (Mo. Ct. App. 2004) ("Actions to establish and enforce a mechanic's lien are purely statutory in nature."). Under Missouri law, actions for enforcement of mechanic's liens must be filed in the circuit courts. Mo. Rev. Stat. § 429.350. Moreover, there is no federal statute giving this Court jurisdiction over the mechanic's lien at issue in this case.

To the extent that plaintiff is requesting this Court to initiate federal charges against defendants, the request is frivolous. Initiation of a federal criminal prosecution is a discretionary decision within the Executive Branch and is not subject to judicial compulsion. See Ray v. United States Dept. of Justice, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).

For these reasons, the Court will dismiss this action under Rule 12(h)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous.

A separate Order of Dismissal will be filed.

Dated this 28th day of April, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE